IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division



FILED
JUL 1 0 2007
CLERK, US DISTRICT COURT
NORFOLK, VA

| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 4:07CR 89 |
|---|---|---|
| | ) | |
| v. | ) | 18 U.S.C. § 1344 |
| | ) | Bank Fraud |
| PATRICIA WILKINS ARNOLD, | ) | (Count 1) |
| | ) | |
| Defendant. | ) | 18 U.S.C. § 1028A |
| | ) | Aggravated Identity Theft |
| | ) | (Count 2) |
| | ) | |
| | ) | 18 U.S.C. § 982 |
| | ) | 21 U.S.C. § 853(p) |
| | ) | Criminal Forfeiture |

CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

GENERAL ALLEGATIONS

At all times relevant to this Criminal Information:

1. TowneBank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation and an organization which operated in and the activities of which affected interstate commerce.

2. SunTrust Banks, Inc. ("SunTrust") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation and an organization which operated in and the activities of which affected interstate commerce.

3. PATRICA WILKINS ARNOLD, the defendant herein, was employed by Richard Johnson, an attorney who practiced in the Hampton Roads, Virginia area, under the professional

corporation of Richard W. P. Johnson, P.C. ("RWPJPC"). The defendant worked in RWPJPC's Hampton, Virginia office, within the Eastern District of Virginia.

4. RWPJPC handled various real estate transactions for clients that resulted in escrow related refund checks that were processed by RWPJPC. Such checks were issued on the TowneBank and SunTrust real estate trust bank accounts of RWPJPC.

5. In the course of her employment with RWPJPC, the defendant, from in or about June 2005 through in or about June 2006, obtained access to and stole approximately 113 real estate refund checks, made payable to approximately 79 clients of RWPJPC. From in or about June 2005 through in or about June 2006, the defendant took these checks to SunTrust and TowneBank branches located in the Eastern District of Virginia and, after forging the signatures of clients and/or endorsing the checks over to herself, subsequently cashed these checks for a total of approximately $54,841.73. The defendant led various tellers to believe that she was cashing checks for other RWPJPC employees or that the checks had been endorsed over to her.

6. From in or about January 2006 through in or about May 2006, at TowneBank branches within the Eastern District of Virginia the defendant passed an additional eleven fraudulent checks drawn on the TowneBank real estate trust account of RWPJPC and made payable to fictitious individuals who were not clients of RWPJPC, in the approximate total amount of $7,063.85.

7. Many clients of RWPJPC were unaware that they were due to receive a real estate refund check and did not contact RWPJPC to complain that they had not received a check. At least two clients did contact RWPJPC to discuss the status of their missing checks. These clients spoke with the defendant, who informed them that their checks might have gotten lost in the

mail. For one such client, the defendant then arranged to obtain a cashier's check for this client by cashing the refund check of another RWPJPC client.

## COUNT ONE

THE UNITED STATES ATTORNEY CHARGES THAT:

1. The United States Attorney realleges and incorporates by reference the General Allegations section contained above, as if fully set forth herein.

2. On or about December 8, 2005, in the City of Hampton, Virginia, within the Eastern District of Virginia, PATRICIA WILKINS ARNOLD, the defendant herein, knowingly and unlawfully devised and executed a scheme to defraud a financial institution, to wit: TowneBank, and to obtain the moneys, funds, credits, assets, securities owned by and under the custody and control of TowneBank, a financial institution as defined under Title 18, United States Code, Section 20, by means of materially false and fraudulent pretenses, representations and promises.

3. The object of said scheme and artifice was for the defendant to fraudulently obtain money by passing checks issued to RWPJPC clients, the endorsements of which were forged by the defendant, to branches of TowneBank and SunTrust bank.

4. It was part of the scheme and artifice to defraud that the defendant obtained approximately 113 client real estate refund checks from her employer, RWPJPC.

5. It was further part of the scheme and artifice to defraud that the defendant forged the clients names on the endorsement line of the check and additionally endorsed a number of checks to herself. The defendant falsely represented that she was authorized to cash such checks and/or that the checks had been endorsed over to her.

6. It was further part of the scheme and artifice to defraud that the defendant relied on the RWPJPC relationship with these banks and her own personal rapport with various tellers

in representing that she was authorized to cash the real estate refund checks.

7. It was further part of the scheme and artifice to defraud that the defendant caused TowneBank, in the foregoing manner, to remit payment for the following forged check, based on the forged client signature placed on the check and the defendant's fraudulent representation that the check had been endorsed over to her and that she had been authorized to conduct the following transaction:

| Count | Date of Transaction (on or about) | Check Description | Fraudulent Representation | Location Forged Check Cashed |
|---|---|---|---|---|
| 1 | December 8, 2005 | Check No. 13401 made payable to GJ in the amount of $2,356.82, drawn on the TowneBank account of RWPJPC, dated December 8, 2005 | Check No. 13401 contained the forged signature of GJ endorsing the check to Patricia Arnold | TowneBank, 550 Settlers Landing Road, Hampton, Virginia 23669 |

(In violation of Title 18, United States Code, Section 1344).

## COUNT TWO

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. The United States Attorney realleges and incorporates by reference the General Allegation section and the allegations contained in Count One contained above, as if fully set forth herein.

2. On or about December 8, 2005, in the Eastern District of Virginia, PATRICIA WILKINS ARNOLD, the defendant herein, did, unlawfully, knowingly and intentionally use, without lawful authority, a means of identification of another during and in relation to a felony violation of a provision contained in chapter 63, to wit: Bank Fraud, in violation of Title 18, United States Code, Section 1344, as charged in Count One of this Criminal Information and as described further herein:

| Count | Date of Transaction (on or about) | Means of Identification | Description/Purpose of Transaction | Felony Violation |
|---|---|---|---|---|
| 2 | December 8, 2005 | name of GJ | The defendant forged the signature of GJ on a real estate refund check and fraudulently endorsed the check to herself. | 18 U.S.C. § 1344 (ref. Count One) |

(In violation of 18 U.S.C. § 1028A(a)1 and (c)).

6

## FORFEITURE ALLEGATION

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. The defendant, PATRICIA WILKINS ARNOLD, if convicted of the violation alleged in Count One of this Criminal Information, as part of the sentencing of the defendant pursuant to Federal Rule of Criminal Procedure 32.2, shall forfeit to the United States:

    a. Any property, constituting or derived from, proceeds the defendant obtained directly or indirectly, as the result of a violation of 18 U.S.C. § 1344, affecting a financial instution; and,

    b. Any other property belonging to the defendant, up to the value of the property subject to forfeiture, if any property subject to forfeiture (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third person, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be subdivided without difficulty.

2. The property subject to forfeiture under paragraph 1 includes, but is not limited to the defendant's interest in the following property:

> **A sum of money of at least $61,905.58, in United States currency and all interest traceable thereto, all of which represents the defendant's proceeds from the aforementioned offenses, which upon entry of an order of forfeiture shall be reduced to a monetary judgment.**
>
> (All in violation of Title 18, United States Code, Section 982(a)(2) and (b), and Title 21, United States Code, Section 853(p).).

7

<u>United States v. Patricia Wilkins Arnold</u>
Criminal No. 4:07cr 89

          Respectfully submitted,

          CHUCK ROSENBERG
          UNITED STATES ATTORNEY

By: _____
     Brian J. Samuels
     Assistant United States Attorney
     Virginia State Bar No. 65898
     721 Lakefront Commons, Suite 300
     Newport News, Virginia 23606
     (757) 591-4000

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2007, a true and correct copy of the Criminal Information was sent by facsimile and electronic mail to:

> W. Thurston Harville, Esq.
> 1356 Little Neck Road
> Virginia Beach, Virginia 23452
> Fax: 757-353-4395
> E-mail: harville@cox.net

By: /s/ Brian J. Samuels

Brian J. Samuels
Assistant United States Attorney
Fountain Plaza Three
721 Lakefront Commons, Suite 300
Newport News, VA 23606
(757) 591-4000